IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brooke Ryan Mozina Campbell, Administratrix of the Estate of Campbell Scott Allen, deceased, and in her own right and as surviving parent and natural guardian of Jared Campbell and Lucas Campbell, minors, <br><br>            Plaintiffs, <br><br>    v. <br><br>Ford Motor Company <br><br>and <br><br>LeasePlan USA, Inc. <br>            Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. 02-CV-3617 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**ANSWER OF DEFENDANT FORD MOTOR COMPANY TO PLAINTIFFS
COMPLAINT TOGETHER WITH AFFIRMATIVE DEFENSES**

Defendant Ford Motor Company ("Ford"), by and through its attorneys Campbell Campbell Edwards & Conroy, P.C, hereby responds to Plaintiff's Complaint as follows:

1. Denied. After reasonable investigation Ford is without sufficient knowledge or information to form a belief as to the truth of the averment contained in this paragraph, and therefore denies same and demands strict proof thereof at trial.

2. Admitted and denied. Ford admits that it is a Delaware corporation. Ford further admits that it is subject to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Ford denies the remaining allegations of this paragraph and demands strict proof thereof at trial.

3. The averments contained in this paragraph pertain to a party other than Ford, therefore no response is required.

4. Admitted in part. Ford admits that the Complaint alleges complete diversity; however investigation and discovery continue. Ford admits that the claimed amount in controversy is in excess of the amount established for diversity jurisdiction.

5. Denied that venue is proper. By way of further answer, even if venue is proper, Ford denies that this District Court is the most convenient venue for this action, as the incident allegedly occurred in Venango County, Pennsylvania. The remaining averments in this paragraph pertain to a party other than Ford, no responsive pleading is required.

6. Denied as a conclusion of law.

7. Denied as a conclusion of law. To the extent that this paragraph contains averments of fact, Ford denies same and demands strict proof thereof at trial.

8. Denied. After reasonable investigation Ford is without sufficient knowledge or information to form a belief as to the truth of the averment contained in this paragraph, and therefore denies same and demands strict proof thereof at trial.

9. Denied. After reasonable investigation Ford is without sufficient knowledge or information to form a belief as to the truth of the averment contained in this paragraph, and therefore denies same and demands strict proof thereof at trial.

10. Denied. After reasonable investigation Ford is without sufficient knowledge or information to form a belief as to the truth of the averment contained in this paragraph, and therefore denies same and demands strict proof thereof at trial.

11. The averments contained in this paragraph pertain to a party other than Ford, therefore no response is required.

12. . Denied. Ford denies that any defect relevant to the allegations of the Complaint existed. Ford also denies any failure to warn. Ford further denies that any act or failure to act on its part resulted in the claimed injuries and damages. Ford demands strict proof thereof at trial.

13. Denied. After reasonable investigation Ford is without sufficient knowledge or information to form a belief as to the truth of the averment contained in this paragraph, and therefore denies same and demands strict proof thereof at trial.

14. . Denied. Ford denies that any defect relevant to the allegations of the Complaint existed. Ford also denies any failure to warn. Ford further denies that any act or failure to act on its part resulted in the claimed injuries and damages. Ford demands strict proof thereof at trial.

15. Denied. After reasonable investigation Ford is without sufficient knowledge or information to form a belief as to the truth of the averment contained in this paragraph, and therefore denies same and demands strict proof thereof at trial.

16. Denied. Ford denies that any defect relevant to the allegations of the Complaint existed. Ford also denies any failure to warn. Ford further denies that any act or failure to act on its part resulted in the claimed injuries and damages. Ford demands strict proof thereof at trial.

17. Denied. Ford denies that any defect relevant to the allegations of the Complaint existed. Ford also denies any failure to warn. Ford further denies that any act or failure to act on its part resulted in the claimed injuries and damages. Ford demands strict proof thereof at trial.

**COUNT I**

18. Denied as a conclusion of law.

19. Denied as a conclusion of law. By way of further answer, the averments contained in this paragraph are directed to a party other than Ford, no response is therefore required.

20. Denied. Ford denies that the F-150 was unsafe for its intended use.

21. Denied. Ford denies that the F-150 contained any defect or lack of warning relevant to the allegations contained in the Complaint.

22. Denied. Ford denies that the F-150 contained any defect or lack of warning relevant to the allegations contained in the Complaint.

## COUNT II

23. Denied. Ford specifically denies that it was negligent in any way related to Plaintiffs claim.

24. Denied. Ford specifically denies that it was negligent in any way related to Plaintiffs claim. By way of further answer, Ford denies that any act or failure to act resulted in Plaintiffs claimed injuries or damages.

## COUNT III

25- 26. The averments contained in these paragraphs pertain to a party other than Ford; therefore, no response is required.

## COMPENSATORY DAMAGES

27. Denied. Ford denies that any act or failure act on its part resulted in the Plaintiff's claimed damages. As to the nature and/or scope of those claimed damages, if any, after reasonable investigation, Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof at trial.

28. Denied. Ford denies that any act or failure act on its part resulted in the Plaintiff's claimed damages. As to the nature and/or scope of those claimed damages, if any, after reasonable investigation, Ford is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof at trial.

## PUNITIVE DAMAGES

29. Denied. Ford denies that any defect relevant to the allegations of the Complaint existed, and denies that any act or failure act on its part resulted in the Plaintiff's claimed damages. As to the nature and/or scope of those claimed damages, if any, after reasonable investigation, Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof at trial.

30. Denied. Ford denies that any defect relevant to the allegations of the Complaint existed, and denies that any act or failure act on its part resulted in the Plaintiff's claimed damages. As to the nature and/or scope of those claimed damages, if any, after reasonable investigation, Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof at trial.

31. Denied. Ford denies that any defect relevant to the allegations of the Complaint existed, and denies that any act or failure act on its part resulted in the Plaintiff's claimed damages. As to the nature and/or scope of those claimed damages, if any, after reasonable investigation, Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof at trial. By way of further answer, Ford denies the remaining allegations of this paragraph.

32. Denied. Ford denies that any defect relevant to the allegations of the Complaint

existed, and denies that any act or failure act on its part resulted in the Plaintiff's claimed damages. As to the nature and/or scope of those claimed damages, if any, after reasonable investigation, Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore denies same and demands strict proof thereof at trial.

33. Denied. Ford specifically denies that its conduct is extreme or outrageous in any way related to Plaintiffs claim. By way of further answer, Ford denies any and all liability to Plaintiff's for any damages.

34. Denied. Ford denies liability to Plaintiff's for any damages, including punitive damages, under any theory set forth in the Complaint.

WHEREFORE, Ford respectfully requests judgment in its favor and against the plaintiff together with costs and attorneys' fees as allowed by law.

## **AFFIRMATIVE DEFENSES**

35. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

36. Plaintiff's allegations are barred by the applicable statute of limitations.

37. Ford performed each and every duty, if any, owed to the plaintiff.

38. The subject incident and alleged damage were caused solely by the negligence and/or liability producing conduct of individuals and/or entities other than Ford.

39. Any act or failure to act on the part of Ford was neither a substantial nor causative factor of the subject accident or claimed damages.

40. Plaintiff's claim for damages may be barred or reduced by the plaintiff's percentage of comparative fault and/or contributory negligence.

41. Plaintiff may have assumed the risk of the activities and/or the risk of a known danger.

42. If Ford supplied, sold or distributed the motor vehicle referred to in the plaintiff's Complaint, the subject incident and claimed damages were not caused by any condition existing in the vehicle at the time that it left the possession or control of Ford.

43. If Ford supplied, sold or distributed the motor vehicle referred to in the Complaint, the motor vehicle may have undergone a substantial change or modification subsequent to the time it left the possession and control of Ford.

44. The acts or omissions of individuals or entities beyond the control of Ford may have constituted intervening, superseding causes of the alleged incident and claimed damages.

45. Ford breached no warranty.

46. The owner of the vehicle may not have complied with the terms and conditions of any warranty, thereby precluding any recovery for any alleged breach.

47. The subject vehicle may have been misused after it left the possession of Ford, if it did.

48. Plaintiff's claims may be barred either in full or in party by the doctrine of federal preemption.

49. Plaintiff's claims may be barred either in full or in part by plaintiff's comparative fault, contributory negligence, recklessness and/or carelessness.

50. Plaintiff's claims may be barred by the doctrine of spoliation of evidence.

51. Unless Ford's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Ford's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by the due process provisions of the Constitution of the Commonwealth of Pennsylvania, and would be improper under the common law and public policies of the Commonwealth of Pennsylvania.

52. Any award of punitive damages against Ford for anything other than Ford's conduct in connection with the sale of the specific single Ford vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Pennsylvania, and would be improper under the Common Law and public policies of the Commonwealth of Pennsylvania, because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishments for the same wrong.

53. Plaintiff's claim for punitive damages against Ford cannot be sustained, because any award of punitive damages under Pennsylvania law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the Commonwealth of Pennsylvania, and would be improper under the common law and public policies of the Commonwealth of Pennsylvania and under all applicable court rules and statutes of this state.

54. The plaintiff's claim for punitive damages against Ford cannot be sustained, because an award of punitive damages under Pennsylvania law without a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, would violate Ford's due process rights guaranteed by the due process provisions of the Constitution of the

Commonwealth of Pennsylvania, and would be improper under the common law and public policies of the Commonwealth of Pennsylvania.

55. The plaintiff's claim for punitive damages against Ford cannot be sustained, because an award of punitive damages under Pennsylvania law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental states that make such damages permissible, and (5) is not subjected to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Ford's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Pennsylvania constitutional provisions for providing due process and equal protection, and would be improper under the common law and public policies of the Commonwealth of Pennsylvania.

      Respectfully submitted,
      **Campbell Campbell Edwards & Conroy, P.C**

      By: _____
          C. Scott Toomey, Esquire
          Tiffany M. Alexander, Esquire
          Attorneys for Defendant
          Ford Motor Company

Dated: _____