## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brooke Ryan Mozina Campbell, Administratrix of the Estate of Campbell Scott Allen, deceased, and in her own right and as surviving parent and natural guardian of Jared Campbell and Lucas Campbell, minors, | : : : : : : | |
| Plaintiffs, | : | CIVIL ACTION NO. 02-CV-3617 |
| | : | |
| v. | : | |
| Ford Motor Company | : | |
| | : | |
| and | : | |
| | : | |
| LeasePlan USA, Inc. | : | |
| Defendants | : | |

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Defendant, Ford Motor Company (hereinafter known as "Ford"),  hereby moves this Honorable Court to transfer this matter to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).  The grounds for this Motion are set forth in the attached Memorandum and Exhibits, which are incorporated herein as though fully set forth at length.

Respectfully submitted,

CAMPBELL, CAMPBELL, EDWARDS & CONROY

By: _____

C. Scott Toomey, Esquire
Tiffany M. Alexander, Esquire
Three Glenhardie Corporate Center
1265 Drummers Lane, Suite 200
Wayne, PA  19087
*Attorneys for Defendant, Ford Motor Company*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| Brooke Ryan Mozina Campbell, Administratrix of the Estate of Campbell Scott Allen, deceased, and in her own right and as surviving parent and natural guardian of Jared Campbell and Lucas Campbell, minors, | : : : : : : | |
| Plaintiffs, | : | CIVIL ACTION NO. 02-CV-3617 |
| | : | |
| v. | : | |
| Ford Motor Company | : | |
| | : | |
| and | : | |
| | : | |
| LeasePlan USA, Inc. | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this            day of                        , 2002, upon consideration of Defendant Ford Motor Company's Motion for Transfer Pursuant to 28 U.S.C. §1404(a), and any responses thereto, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**. This matter is hereby **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania.

BY THE COURT:

_____

Hon. Eduardo C. Robreno, U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brooke Ryan Mozina Campbell, | : | |
| Administratrix of the Estate of Campbell | : | |
| Scott Allen, deceased, and in her own | : | |
| right and as surviving parent and natural | : | |
| guardian of Jared Campbell and Lucas | : | |
| Campbell, minors, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 02-CV-3617 |
| | : | |
| v. | : | |
| Ford Motor Company | : | |
| | : | |
| and | : | |
| | : | |
| LeasePlan USA, Inc. | : | |
| Defendants | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Everything about this products liability action relates to the Western District of Pennsylvania, except the propriety of venue as to Ford Motor Company ("Ford"). The Western District was and is home to: 1) the location of the motor vehicle accident at issue; 2) the sale of the vehicle at issue; 3) the decedent; 4) the plaintiffs; 5) every third party witness; 6) every record relevant to the underlying transactions and accident; 7) the vehicle itself; and 8) every record relating to the plaintiff's claimed damages. Because of these connections and because the Western District is well able to serve as the host of discovery and trial, transfer of this case pursuant to U.S.C. § 1404(a) substantially furthers the convenience of the parties and the interests of justice.

## I.    STATEMENT OF FACTS AND JURISDICTION

This product liability action arises out of an automobile accident that occurred on January 22, 2000 in Venango County, Pennsylvania.  (See Exhibit "A", Plaintiff's Complaint, ¶ 9; *see also* Exhibit "B", Police Report, at p. 1).  On that date, the decedent Scott Allen Campbell was driving west on I-80 in or near Scrubgrass Township, Pennsylvania.  (Exhibit B at p. 1). According to the eyewitness Leeroy Browlee, Mr. Campbell was speeding when he lost control of his vehicle and entered the snow covered shoulder. (Exhibit B at p. 9).   Mr. Campbell was pronounced dead at the scene by the Venango County Coroner.  (Exhibit B at p. 9).

At the time of his death, Mr. Campbell lived at 495 3rd Ave, Patton, Cambria County, Pennsylvania.  (See Exhibit A at ¶ 8; *see also* Exhibit B at p. 3). His widow, plaintiff Brooke Ryan Mozina Campbell, was appointed as Administratrix of the Estate of her late husband, by the County of Cambria. (Exhibit A at ¶ 1).  Mr. Campbell was working for his employer, Baker Company when the accident occurred, and driving a company leased vehicle at the time of the accident.   (Exhibit A at ¶ 10).

Pennsylvania State Police from the Mercer 1430 Precinct responded to the scene, interviewed Mr. Leeroy Browlee, a resident of Brookville, Pennsylvania, and shortly thereafter called the Venango County Coroner, John Greggs to the scene. (Exhibit B at p. 9).    Greggs pronounced Mr. Campbell dead at the scene, and his body was released to the Venango County Medical Examiner.  (Exhibit B at p. 9).

The vehicle was subsequently released to the custody of Mr. Campbell's employer. It is currently being stored by co-defendant, Lease-Plan, at their facility in Venango County, Pennsylvania.  Counsel for plaintiffs has proposed transferring the vehicle to a storage facility in

Apollo, Pennsylvania (near Pittsburgh) for the convenience of the parties and their experts. Ford believes that the transfer will be agreed to by all parties and that transfer will take place shortly.

By contrast, no connection exists to any location within the boundaries of the area overseen by the District Court for the Eastern District of Pennsylvania.

## II.     ARGUMENT

28 U.S.C. § 1404(a) authorizes a District Court to transfer a civil action to another district where: 1) venue is proper in the other district; 2) transfer furthers the convenience of the parties and witnesses; and 3) transfer serves the interests of justice.  The Court has broad discretion in weighing whether an action is better suited to the alternative forum.  Belcher v. National Railroad Passenger Corp., No. 92-0405, 1992 U.S. Dist. LEXIS 4111 (E.D.Pa March 31, 1992) at 3.

While the plaintiff's selection of forum should not be lightly disturbed, transfer is proper where private factors and public considerations decidedly lean in favor of the alternative forum. Shutt v. Armco Steel Corp, 431 F. 2d 22, 25 (3d Circuit 1970); *see also* Royal Gist-Brocades N.V. v. Sierra Product, Ltd., No. 97-1147, 1999 U.S. Dist. LEXIS 12414 (E.D. Pa. August 11, 1999), at 10.  Relevant private factors include: 1) access to sources of proof; 2) availability of process to compel the attendance of unwilling witnesses; 3) the cost of obtaining the testimony of unwilling witnesses; 4) plaintiff's choice of forum; 5) the possibility of viewing the premises; and 6) other practical problems that make preparing for and completing trial easy, expeditious and inexpensive.  See Royal-Gist 1999 U.S. Dist. LEXIS 12414 at 10-11.  Where none of the conduct complained of occurred in plaintiff's chosen forum, where the chosen forum is not the

plaintiff's residence, transfer is proper.  <u>See</u> <u>Belcher</u> , 1992 U.S. Dist. LEXIS 4111 at 4 (citing

<u>Shutt v. Armco Steel Corp</u> 431 F. 2d 22, 25 (3d Circuit 1970).

Transfer is even more appropriate when a more appropriate and convenient forum is

available.  Courts have recognized a "local interest" in having localized controversies resolved

near home.  <u>See</u> <u>Royal- Gist</u>, 1999 U.S. Dist LEXIS 12414 at 11.  Likewise, burdening citizens

in an unrelated forum with jury duty to resolve a foreign controversy places an unfair burden.  <u>Id.</u>

at 11.  Unless administrative difficulties from court congestion render transfer unduly

burdensome, civil disputes should be resolved in courts and by juries with some connection to

the underlying events.  When these public factors combine with sufficient private factors to

recommend the alternative forum, the Court should transfer the case.

Here, the private factors overwhelmingly recommend transfer.  The Court even

commented to this effect in the Order from the Initial Pretrial Conference.  <u>See</u> Order (attached

as Exhibit "C").  The pertinent facts have not changed. The Western District was and is home to:

1) The location of the motor vehicle accident at issue; 2) The sale of the vehicle at issue; 3) The decedent; 4) The plaintiffs; 5) Every third party witness; 6) Every record relevant to the underlying transactions and accident; 7) The vehicle itself; and 8) Every record relating to the plaintiff's claimed damages.  Simply, this case has intimate connections to areas within the Western District and no connection to the Eastern District.

Likewise, the Western District can serve effectively as host for this case.  The most recent available Federal Court Case Management Statistics indicate that the Western District courts are no more or less congested that those in the Eastern District.  (See Exhibits "D" and "E", Judicial Caseload Profile Reports).  Total filings per judge are essentially the same: 368 cases per judge.  (See Exhibits D and E).  The median time from filing to trial is somewhat longer in the Western District.  (See Exhibits D and E).  The median time from filing to final disposition, however, is 8 months in both districts.  In short, the Western District can effectively manage this case.

Plaintiffs will suffer no prejudice by transfer not only because sufficient judges, juries and resources exist within the Western District but because discovery in this matter is still early.  While Initial Disclosures and some written discovery have been exchanged, no vehicle inspections have occurred, no depositions have occurred and no expert reports have been exchanged.  Plaintiffs' counsel himself indicated at the Initial Pretrial Conference that discovery should take a year, not including time for completion of expert depositions.  Assuming these statements are correct, the preparation of this case falls squarely within the typical discovery period in the Western District.

By contrast, Ford (and the co-defendant) are prejudiced by plaintiff's choice of forum.  Ford will incur significant additional expenses in sending counsel from Eastern

Pennsylvania to the various areas of Western Pennsylvania where fact witnesses will be deposed. The other alternative, bringing the witnesses to Eastern Pennsylvania, is fraught with its own expenses and complications. The vehicle will most likely be moved to a holding facility outside of Pittsburgh. Attendance by counsel from this area will likewise result in additional expense and hassle. Whatever local customs or practices exist in the western part of the Commonwealth will be foreign to eastern Pennsylvania based counsel. No need exists to impose these additional complications on what will already be a complex products liability case.

**III.    CONCLUSION**

As this case has connections to areas only within the Western District and as the Western District has the courts and resources to efficiently oversee this case, Ford respectfully requests that this Honorable Court transfer this matter to the District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

CAMPBELL, CAMPBELL, EDWARDS & CONROY

By:    _____
C. Scott Toomey, Esquire
Tiffany M. Alexander, Esquire
Three Glenhardie Corporate Center
1265 Drummers Lane, Suite 200
Wayne, PA  19087

*Attorneys for Defendant*
*Ford Motor Company*